UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLEKIS B. DORSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:08-CV-2005-CEJ |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Willekis B. Dorsey's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition, the Court will order petitioner to show cause as to why this action should not be dismissed for failure to exhaust available state remedies.

### The Petition

Petitioner, an inmate at the Southeast Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Following a jury trial, petitioner was found guilty of first degree murder and armed criminal action.

He was sentenced on September 24, 2003, in the Mississippi County Circuit Court in Charleston, Missouri. On February 22, 2005, his conviction was affirmed on direct appeal. Petitioner states that, other than the direct appeal, he has not previously filed in any state court any other petitions, applications, or motions concerning this judgment of conviction.

## Discussion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. <u>See</u> Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, it appears that petitioner has available procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Order petitioner shall show cause, in writing, why the Court should not dismiss the instant application for failure to exhaust available state remedies. <u>Petitioner's failure to comply with this Order will result in the denial of the</u>

**instant habeas corpus petition and the dismissal of this action, without prejudice**.

Dated this 16th day of March, 2009

_____
**UNITED STATES DISTRICT JUDGE**