UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLEKIS DORSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-2005 (CEJ) |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). Respondent opposes petitioner's motion, and the issues are fully briefed. Also before the Court are petitioner's motion to substitute Larry Denney as respondent and respondent's motion for an extension of time to file a response.

### I. Procedural History

Petitioner, Willekis Dorsey, was convicted of first-degree murder and armed criminal action on August 7, 2003. He was sentenced to concurrent terms of life, and eight years of imprisonment. The Missouri Court of Appeals affirmed. Petitioner's motion for post-conviction relief was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief.

On December 18, 2009, petitioner filed his first amended § 2254 petition with the Court, asserting ten grounds for relief. The Court denied the petition on March 21, 2012, concluding that some of the claims were procedurally defaulted, and the remaining claims were without merit. Subsequently, petitioner filed the instant motion to alter or amend judgment.

### II. Legal Standard

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing White v. New Hampshire Dep't of Employ't Sec., 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

III. Discussion

Petitioner argues that the Court erroneously denied petitioner's claims that trial counsel was ineffective for failing to call Linda Williams, Hershel Wiley, and Richard Ditto as witnesses for the defense, and for failing to object to testimony regarding prior bad acts. Petitioner also contests this Court's refusal to consider the merits of his procedurally defaulted claims.

**A. Ineffective Assistance of Trial Counsel for Failure to Call Witnesses**

The Court rejected petitioner's contention that trial counsel was ineffective for failing to call Linda Williams, Hershel Wiley, and Richard Ditto. In finding that the Missouri court had reasonably applied Strickland v. Washington, 466 U.S. 668, 687 (1984), this Court emphasized that neither prong of Strickland was satisfied. Trial counsel made the reasonable strategic decision to refrain from calling those witnesses, as he believed the State had not met its burden of proof and the credibility of the State's main witness was destroyed during cross-examination. This Court also noted

that, even if counsel's conduct had fallen below the standard of reasonableness, petitioner had not demonstrated prejudice, considering the other evidence supporting his conviction. The Court finds no error in its previous analysis and conclusion. The state court's application of Strickland was reasonable, and trial counsel's conduct did not fall below the Strickland standard of reasonableness.

### B. Ineffective Assistance for Failure to Object to Prior Bad Acts Evidence

Petitioner argues that counsel was ineffective for failing to object immediately when petitioner's drug dealing was mentioned at trial. The Missouri Court of Appeals held that petitioner failed to present substantial evidence to support his allegations that counsel acted unreasonably or that petitioner was prejudiced. This Court found that application of Strickland to be reasonable.

Petitioner now argues that under the recent Supreme Court case of Martinez v. Ryan, 132 S.Ct. 1309 (2012), post-conviction motion counsel was ineffective for raising petitioner's claim of ineffective assistance of trial counsel, but then failing to fully develop the record regarding this claim at the evidentiary hearing. According to petitioner, post-conviction appellate counsel was hampered by post-conviction motion counsel's failure to develop the record at the hearing. Petitioner encourages this Court to hold an evidentiary hearing allowing petitioner to fully develop the claim.

Petitioner misinterprets Martinez. The holding of Martinez is narrow: "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In this case, there was no procedural default of the claim. While the record was not developed as thoroughly as petitioner desired, the claim was raised. Petitioner is attempting to use Martinez to expand the state court record and hold a

second hearing.  Martinez does not apply here, and even if it did, the underlying ineffective assistance of trial counsel claim is not substantial.  There is no reasonable probability that, but for counsel's failure to object, the outcome would have been different.

### C. Procedural Default

#### 1. Ineffective Assistance of Trial Counsel for Failure to Call Witnesses

Petitioner's fifth ground for relief - that trial counsel was ineffective for failing to call witnesses Jamie Warfield, Jerriereneika Dorsey, Rodreckies Triblett, and Teddy West - was procedurally defaulted, because it was not raised on post-conviction appeal.  Post-conviction motion counsel raised these claims, but they were not pursued by post-conviction appellate counsel.

Petitioner again attempts to twist the rule of Martinez in an effort to avoid the consequences of his procedural default.  Petitioner argues that, although post-conviction motion counsel raised these claims in the initial-review collateral proceedings, counsel did not call the four witnesses at the post-conviction evidentiary hearing.  Because of post-conviction motion counsel's failure to call the witnesses, post-conviction appellate counsel abandoned the claims, leading to a procedural default.  Therefore, petitioner argues, the ineffectiveness of counsel at the initial-review stage led to default at the post-conviction appellate stage.  Because Martinez did not alter the rule that ineffective assistance on appeal from denial of post-conviction relief is not cause excusing default, petitioner's attempt to shift the blame to post-conviction motion counsel is unavailing. See Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012).

The Court again rejects petitioner's reading of Martinez. The claims were raised in the initial review collateral proceeding, even if they were not fully developed by counsel in the evidentiary hearing. Furthermore, even if petitioner's creative interpretation of Martinez had any merit (which it does not), the underlying ineffective assistance of trial counsel claim is not substantial.

### 2. Juror Bias

In his petition, petitioner argued that juror McCatrey was "presumptively biased," because her brother was an officer of the Mississippi County Trial Court Department and her nieces were employed at the Mississippi County Jail. Petitioner did not raise this claim on direct appeal, but argued that there was cause and prejudice for his default. This Court concluded that defendant was not prejudiced, because there was no showing of "implied bias."

In his Rule 59(e) motion, petitioner states that he has recently discovered that juror McCartrey's brother is married to the aunt of a witness for the prosecution. This allegation does not change the Court's previous analysis. Smith v. Phillips, 455 U.S. 209, 222 (1981) (O'Connor, J., concurring) (only extreme situations, such as a juror being "a *close relative* of one of the participants in the trial," may justify a finding of implied bias) (emphasis added).

### 3. Actual Innocence

Petitioner attempted to overcome procedural default by arguing that he was actually innocent. The Court rejected this argument, and explained that to show actual innocence, a petitioner must bring forth new reliable evidence not available at trial, and establish that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The Court found that the evidence plaintiff submitted

- the recantation of the testimony of prosecution's witness Earl Brown - was not "new" within the meaning of Amrine v. Bowersox, 238 F.3d 1023, 1028 (8th Cir. 2001). Petitioner disagrees with this conclusion.

Petitioner must present "new reliable evidence" in favor of his gateway claim of actual innocence.  Setting aside the issue of whether Earl Brown's recantation was "new" evidence, it cannot be described as reliable.  Brown changed his story multiple times.  At trial, Brown identified petitioner as the shooter.  On petitioner's direct appeal, Brown stated that petitioner was not the shooter, but was present at the meeting where the murder was planned and received some of the drugs that motivated the murder. (Resp. Ex. M).  The Missouri Court of Appeals addressed Brown's recantation, and explained that even if his statements were believed, petitioner would still be found guilty of first-degree murder and armed criminal action based on accomplice liability.  (Resp. Ex. G).  So Brown changed his story again, and stated that petitioner was not present at the meeting where the murder was planned.  (Pet. Ex. C).  On top of his multiple contradictory accounts of the events, Brown also stated that petitioner is his "home boy" and they "love each other like brothers."  (Resp. Ex. M). Brown's latest recantation does not constitute reliable evidence.  Therefore, the Court correctly declined to review petitioner's procedurally defaulted claims on the merits.

D.  Other Motions

Because it appears that Larry Denney is now the state officer who has custody of petitioner, the motion to substitute him as the respondent will be granted.  See Rule 2(a) of the Rules Governing Section 2254 Cases.  The respondent has filed a response to the motion to alter or amend and, therefore, the motion for extension of time is moot.

### IV. Conclusion

Petitioner has not shown any manifest errors in the Court's previous denial of the petition for the writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) [Doc. #48] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to substitute Larry Denney as the respondent [Doc. #47] is **GRANTED**.

**IT IS FURTHER ORDERED** that respondent's motion for extension of time to file a response in opposition to petitioner's motion to alter judgment [Doc. #50] is **DENIED AS MOOT**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2013.